HÉCTOR MANUEL ROBLES ROQUE, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, HUMACAO PART, LUIS PEREYÓ, JUDGE, Respondent.

No. CE-62-12. Decided November 20, 1962.

538

*Félix A. Ramos Cabán* for petitioner.  *Arturo Estrella, Acting Solicitor General,* and *Jorge Segarra Olivero, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM.

A complaint was filed against petitioner in the District Court, Humacao Part, for violation of par. 3, § 1 of Ordinance No. 17, approved February 24, 1961 by the Municipality of Las Piedras, such violation consisting, according to the wording of the complaint, in that at 6:30 p.m. of August 26, 1961 and "in the outskirts leading to San Lorenzo, at the corner of Barbosa Street of Las Piedras . . . he was completely drunk, tumbling and zigzagging, and molesting pedestrians and other neighbors of that place by his incorrect and disorderly conduct." [1]

A complaint was also filed against petitioner for violation of the Weapons Law, consisting in that in the same place, on the same date and hour, he was bearing and carrying on his person, for offense and defense purposes, a table knife with a blade 7 inches long and 1¼ inches wide, which is a weapon which may cause bodily harm and even the death of a human being, alleging that defendant did not

---

[1] Paragraph 3 of that ordinance reads as follows:

"The presence of persons drinking any kind of intoxicating liquor and engaged in conversation in the public square is strictly prohibited and shall be illegal; *provided, further, that the presence in the public places of the city of drunk and insane persons, as well as noisy women who do not behave properly is prohibited.*" (Italics ours.)

carry such weapon on the occasion or for use in a profession, occupation, sport, art or trade.

The cases were heard jointly on the merits and the District Court found him guilty in both cases, imposing in the first a fine of $5 and in the latter a sentence of six months in jail.

On appeal, the Superior Court, Humacao Part, affirmed both judgments. We issued a writ to review the latter judgment.

In his brief petitioner assigns as first error the court's erroneous interpretation of § 4 of the Weapons Law because the knife was a working instrument which he was carrying incidentally and on the occasion and as the result of the work which he performed as slaughterman or employee of the municipal slaughterhouse of Las Piedras.

The second and last error consisted, as alleged by petitioner, in the interpretation by the Superior Court of par. 3 of that ordinance in the sense that, "according to that ordinance, the offense is committed by the fact alone of a citizen being drunk."

I

1. The first error was not committed. The prosecution evidence showed that between 6 and 6:30 p.m. of August 21, 1961 defendant was "drunk" in a public place in the town of Las Piedras; that he was carrying on his person a knife of the dimensions indicated in the complaint; that Dolores Álvarez, his witness and friend, was with him; that a citizen by the name of Francisco Colón complained to police officer Marcelino Gerena of defendant's conduct, as a result of which Gerena went to the place where defendant was and seized the knife "as he was handing it to Esperanza Álvarez and arrested him."

Although it is true that § 4 of the Weapons Law does not prohibit the bearing or carrying of the weapons listed therein "when they are borne or carried on the occasion or for use as instruments proper of an art, sport, profession, occupation

or trade," it was satisfactorily established in this case, without defendant proving otherwise, that he had finished his work of slaughtering and skinning cattle in the town of Las Piedras about 5:00 p.m. of that day and that he used that knife in his work; that more than an hour and a half had elapsed since then without having returned home; that at some point between the slaughterhouse and the town, or in the very town, he had been drinking instead of going directly home; that during all that time he bore and carried that knife on his person, but not "on the occasion of its use as an instrument proper" of his occupation or work as slaughterman.

■ We must conclude that when the policeman caught him handing the knife to his friend, in a public place, he had placed himself outside the protection of the law regarding that knife as long as he was bearing or carrying the same on the occasion of its use as an instrument proper of his work. If it was true, as alleged by Mrs. Álvarez, that defendant handed the knife to her to take it home before the police arrived, this fact or request establishes the existence of his intention not to return home for the time being.

## II

■ 2. In our opinion, the second error was committed. What the policeman merely testified respecting the complaint for violation of the municipal ordinance was that "when defendant arrived at the place he was drunk." The ordinance prohibits the presence in public places of drunk, insane persons, and noisy women who do not behave properly. This element of conduct was not established at all. The fact alone that a citizen is drunk is not punishable by this ordinance.[2]

In view of the foregoing, the judgment of the Superior Court, Humacao Part, will be modified in the sense that it

---

[2] The Solicitor General admits in his brief—pp. 7 to 9—that this second assignment of error is correct and that he acquiesces, stating that the facts complained of were not established in that case.

is set aside insofar as it affirms the judgment rendered by the District Court, Humacao Part, finding defendant guilty in case No. 61–1055 for violation of municipal ordinance No. 17 of Las Piedras, approved February 24, 1961, and it will be affirmed insofar as it affirms the judgment rendered by the District Court, Humacao Part, on November 16, 1961 in case No. 61–1056 against petitioner for violation of § 4 of the Weapons Law of Puerto Rico.